UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMANI SMITH, | ) | CASE NO. 5:17cv890 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CYNTHIA D. DUNGEY, et al, | ) | |
| DEFENDANTS. | ) | |

On April 26, 2017, *pro se* plaintiff Kimani Smith filed this action against the following defendants, identified as "state employees:" Cynthia D. Dungey, Joy Colvin, Jennifer Beheam, and Kelly McLaughlin. Defendants Beheam and Dungey filed motions to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of all claims alleged in the complaint. Plaintiff failed to timely file any opposition to the motions.[1] For the reasons stated below, this action is dismissed.

The statement of claim portion of the complaint states in its entirety as follows:

i, Kimani Smith Claim:

all said wrongdoer(s) conspire to deceive and swindle I out of my property, by: communicating threats, causing harm with the use of intimidation and infringement on my 5th amendment right.

---

[1] On May 10, 2017, defendant Dungey filed her motion to dismiss. (Doc. No. 8.) Defendant Beheam filed her Rule 12(b)(6) motion on May 19, 2017. (Doc. No. 10.) On July 10, 2017, well after the deadline for filing an opposition brief, plaintiff filed a document entitled "FACTS." (Doc. No. 12.) In this filing, he states that in 2014 he entered into a contract with defendant Colvin but failed to receive any consideration. (*Id.* at 42.) Even if this document had been timely filed, it would not provide a basis for this Court to conclude that it has jurisdiction over plaintiff's alleged dispute.

> i require compensation for the continual deception and fraud and swindles, upon my property; which violates my fifth amendment right. Compensation due: forty-million dollars
>
> i; Kimani Smith; a man; verify/clarify said claims to be true under penalty and perjury.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the Court of subject matter jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). Plaintiff's brief, generalized statement in his complaint does not contain any reasonable suggestion of a claim over which this Court might have jurisdiction.

Accordingly, defendants' motions to dismiss are granted. Further, as there are no allegations indicating possible claims against defendants Colvin and Dungey, they are hereby dismissed from this action *sua sponte*.

Based on the foregoing, this action is dismissed.

**IT IS SO ORDERED**.

Dated: July 12, 2017

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**